IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Criminal Action No. 5:08CR1
                                            (STAMP)
JOSHUA MICHAEL RIDINGS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
CONFIRMING THE PRONOUNCED ORDER OF THE COURT
AFFIRMING AND ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION IN ITS ENTIRETY AND
OVERRULING THE DEFENDANT'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S ORDER DENYING
THE DEFENDANT'S MOTION TO CHANGE VENUE**

I.  Background

The defendant was indicted on one count of crossing state lines with intent to engage in a sexual act with a person who had not attained the age of twelve years, in violation of 18 U.S.C. § 2241(c). The indictment alleges that on or about February 20, 2007, the defendant crossed the state line from West Virginia into the State of Ohio with the intent to engage in a sexual act with a person who had not attained the age of twelve years.

The defendant filed a number of pretrial motions, including a motion to dismiss for lack of venue; a motion for change of venue, or, in the alternative, for jury questionnaire; a motion to suppress DNA evidence; and a motion to compel discovery. These matters were referred to Magistrate Judge James E. Seibert pursuant to 28 U.S.C. § 636(b). Magistrate Judge Seibert entered a report and recommendation recommending denial of the defendant's motion to

dismiss for lack of venue and denial of the defendant's motion to suppress evidence. The magistrate judge also ordered that the defendant's motion to change venue or, alternatively, other appropriate relief due to prejudicial pretrial publicity, be denied. The magistrate judge further ordered that the motion to compel the United States to provide a written statement of uncharged misconduct evidence be granted in part and denied in part.

The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. Neither party filed objections to the magistrate judge's order granting in part and denying in part the defendant's motion to compel.[1] However, the defendant filed objections to those portions of the report which recommended that both the motion to dismiss for lack of venue and the motion to suppress evidence be denied. The defendant also filed an objection to the magistrate judge's order denying the defendant's motion for change of venue. The United States responded to the defendant's objections.

After the defendant filed objections and before this Court ruled on the defendant's motions, this Court held a pretrial conference. At the pretrial conference, this Court pronounced its

---

[1] In light of the parties' failure to object to the magistrate judge's order on the motion to compel, that matter is not before this Court for review. In any event, the parties informed this Court at the pretrial conference that the issues relating to the defendant's motion to compel had been resolved.

rulings on the defendant's motions and affirming and adopting the magistrate judge's report and recommendation in its entirety. This memorandum opinion and order confirms this Court's pronounced rulings.

II. Standard of Review

A. Standard of Review for Report and Recommendation by Magistrate Judge

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Here, the defendant filed timely objections to those portions of the magistrate judge's report recommending denial of the defendant's motion to dismiss for lack of venue and recommending denial of the defendant's motion to suppress evidence. Accordingly, this Court reviews these matters de novo.

B. Standard of Review for Reconsideration of Order Entered by Magistrate Judge

Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court may reconsider the magistrate judge's order on any designated pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C.

§ 636(b)(1)(A). Here, the defendant has objected to the magistrate judge's order denying the defendant's motion for change of venue.[2] Therefore, this Court will reconsider that order to determine whether it is clearly erroneous or contrary to law.

### III. Discussion

A. Motion to Dismiss for Lack of Venue

Venue properly lies in this district. The defendant argues that this Court lacks venue because the crime with which he is charged allegedly occurred in Ohio and, therefore, one of the essential conduct elements of the offense--crossing a state line--could not have been completed until the defendant entered the State of Ohio. Because the crime was not completed in West Virginia, the defendant believes that venue does not lie in this Court.

The magistrate judge found that venue is proper in this jurisdiction because the offense charged is a continuing violation which may be prosecuted in any district in which the offense was begun, continued or completed. In his objections, the defendant argues that because not all of the essential conduct elements of the offense were committed in the Northern District of West Virginia, venue does not lie in this Court. The defendant's argument lacks merit.

---

[2]Neither party has objected to the magistrate judge's order granting in part and denying in part the defendant's motion to compel the United States to provide a written statement of uncharged misconduct evidence. Therefore, that ruling by the magistrate judge will not be reviewed here.

4

Two provisions of the United States Constitution provide direction about venue in a criminal action. Article III generally requires that a criminal trial be held in the state where the crime was committed. U.S. Const. Art. III, § 2, cl. 3. The Sixth Amendment protects the right of a criminal defendant "to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. The Federal Rules of Criminal Procedure also provide direction. Rule 18 state that "[e]xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed." However where the criminal statute does not specify how to determine the place of the offense for purposes of venue, a court must determine "the place at which the crime was committed" by discerning "'the nature of the crime alleged and the location of the act or acts constituting it.'" United States v. Medina-Ramos, 834 F.2d 874, 876 (10th Cir. 1987) (quoting United States v. Anderson, 328 U.S. 699, 703 (1946)). This determination is a two-part inquiry in which "a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." United States v. Rodriguez-Moreno, 526 U.S. 275, 279 (1999). See also United States v. Cabrales, 524 U.S. 1, 6-7. In identifying the nature of the crime for purposes of determining venue, courts in the Fourth Circuit may

5

consider "only the essential conduct elements of an offense, not the circumstance elements . . . ." Bowens, 224 F.3d at 310.

Here, the relevant statute, 18 U.S.C. § 2241, contains no venue provision. Therefore, this Court must engage in the two-part inquiry described above to determine the place where the crime was committed by first identifying the conduct constituting the offense and then discerning the location of act or acts comprising the proscribed conduct.

1. Nature of the Crime

The defendant in this action has been charged with aggravated sexual abuse, in violation of 18 U.S.C. § 2241(c). Section 2241(c) provides, in relevant part:

> Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years . . . knowingly engages in a sexual act with another person who has not attained the age of 12 years, . . . or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life.

18 U.S.C. § 2241(c).

To prove the charged violation in this case, the United States would be required to prove that the defendant crossed state lines with the intent to engage in a sexual act with a person under twelve, and that he knowingly engaged in a sexual act with an individual under twelve, or attempted to do so. The defendant argues that this Court lacks venue because the charged offense cannot be completed until the state line has been crossed. Therefore, the defendant claims that the essential conduct element

of crossing a state line could have occurred only in Ohio when the defendant entered Ohio from West Virginia. Consequently, in the defendant's view, the alleged offense did not occur in West Virginia.

However, this Court agrees with the magistrate judge's finding that the charged offense is a continuing offense and therefore, the essential conduct elements comprising the offense may take place in more than one jurisdiction. First, the defendant wrongly interprets the term "crosses a State line" to implicate only the act of entering a state. This view fails to recognize that crossing a state line entails both the act of leaving one state and the act of entering another. Accordingly, this Court concludes that the essential conduct element of crossing a state line as set forth in § 2241(c) necessarily encompasses not only the entry into one state--here, Ohio--but also the departure from another--here, West Virginia. On this basis alone, the offense is a continuing one.

Another basis for finding the offense to be a continuing offense exists in the statutory language--that is, the formation of intent. Under the plain language of the statute, it is not the crossing itself which is criminal but the crossing with the intent to engage in sexual activity with an underage person. Thus, the formation of intent--although expressed in the statute as part of a prepositional phrase rather than as a verb--also constitutes an essential conduct element of this particular offense. See United

States v. Rodriquez-Moreno, 526 U.S. 275, 279-80 (1999) (essential conduct element of offense need not be expressed as verb in statute); Cryar, 232 F.3d 1318 at 1322 (interpreting § 2241(c) to include intent to engage in the sexual act as a discrete essential conduct element comprising the offense). The statute's inclusion of intent to engage in the sexual act as a discrete conduct element supports this Court's conclusion that the offense is a continuing one because the defendant may form intent before crossing the state line. Here, the indictment charges that the defendant "did cross the state line from West Virginia into the State of Ohio with the intent to engage in a sexual act with a person who had not attained the age of twelve years . . . ." The language of the indictment leads this Court to conclude that the defendant's intent to engage in the proscribed sexual act was formed before he left West Virginia, and, therefore, the alleged crime began in West Virginia even though it was not completed until after the defendant entered Ohio.

In sum, this Court agrees with the magistrate judge that § 2241(c) constitutes a continuing offense rather than an offense committed at one point in time or place. See United States v. Cryar, 232 F.3d 1318, 1322 (10th Cir. 2000). This Court so finds because one of the essential conduct elements--crossing state lines--necessarily begins at one point in time and place and ends at another, and because another essential conduct element--forming the intent to engage in a sexual act with a person under the age of

twelve--may begin in a different place and time from the location where the sexual act takes place.

    2.    <u>The Location of the Act or Acts Constituting the Offense</u>

Having determined the nature of the offense, this Court now turns to the question of where the act or acts constituting the offense occurred. Because § 2241(c) is a continuing offense, the "federal continuing offense statute", 18 U.S.C. § 3237(a), applies. That statute provides:

> "Except as otherwise provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."

18 U.S.C. § 3237(a).

As noted above, § 2241(a) contains no specific venue provision. Therefore, pursuant to § 3237(a), the proper venue for prosecuting a violation of § 2241(a) is the district where the crime began, where it continued, or where it was completed. In this case, the indictment alleges that the crime began in West Virginia. Accordingly, after conducting a <u>de novo</u> review, this Court finds that as the magistrate judge correctly concluded venue is proper within the Northern District of West Virginia.

B.    <u>Motion to Change Venue or, Alternatively, Other Appropriate Relief Due to Prejudicial Pretrial Publicity</u>

The magistrate judge's decision to deny the defendant's motion to change venue is not clearly erroneous or contrary to law and will therefore be upheld. In his motion to change venue, the

9

defendant argues that the pretrial publicity surrounding this case is unfairly prejudicial and that, as a consequence, he cannot receive a fair trial in this district. In support of his motion, the defendant submitted as evidence copies of numerous news articles from local, state, and national media outlets. Some of these articles contain inflammatory statements by law enforcement officers and members of the public. The magistrate judge denied the defendant's motion after finding that the publicity was largely factual in nature and that the defendant had failed to establish presumed prejudice on the basis of the pretrial publicity. In his objections, the defendant contends that the magistrate judge erred by finding that the presence of inflammatory statements in some of the articles was insufficient to show presumed prejudice. After reviewing the record and the relevant law, this Court concludes that the magistrate judge's ruling was neither clearly erroneous nor contrary to law.

To determine whether to grant a motion for change of venue, courts in this circuit apply a two-step process. See United States v. Bakker, 925 F.2d 728, 732 (4th Cir. 1991). The first step is to determine whether the pretrial publicity "is so inherently prejudicial that trial proceedings must be presumed to be tainted." Id. A determination of presumed prejudice at this step requires a change of venue before jury selection takes place. Id. However, the mere existence of pretrial publicity creates a presumption of prejudice only in "extreme circumstances." Id. Such extreme

circumstances are not present merely by virtue of the sheer volume of pretrial publicity. <u>Id.</u> Moreover, the publication of inflammatory articles, without more, does not establish presumed prejudice. <u>United States v. Higgs</u>, 353 F.3d 281, 307 (4th Cir. 2003). If the court does not find presumed prejudice at step one, it must proceed to the second step, which is to conduct a voir dire of prospective jurors aimed at "disclosing the impact that both past and future media attention would have upon potential jurors." <u>Bakker</u>, 925 F.2d at 733. A change of venue should be granted "[o]nly where voir dire reveals that an impartial jury cannot be impanelled . . . ." <u>Id.</u>

Here, the magistrate judge's findings that the news coverage was largely factual and that the defendant's right to an impartial jury can be adequately protected by the use of a jury questionnaire and the voir dire process are not clearly erroneous, nor is his ruling contrary to law. To the extent that the defendant's motion requests alternate relief through the use of a jury questionnaire for the purpose of discerning any prejudice held by the prospective jurors, this Court construes the magistrate judge's denial of the defendant's motion to be without prejudice to re-filing. Accordingly, this Court will uphold the magistrate judge's denial of the defendant's motion.

C. <u>Motion to Suppress DNA Evidence</u>

The collection of DNA evidence did not violate the defendant's constitutional rights. According to the defendant, his Fifth

11

Amendment right to counsel during a custodial interrogation, as set forth in <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), was violated because--after he had already stated his desire for his attorney to be present for a polygraph test--the police officers asked him if he would submit to a rape kit. The defendant also appears to have raised a Sixth Amendment right to counsel in his motion to suppress but seems to have abandoned that argument at the hearing before the magistrate judge. Nevertheless, Magistrate Judge Seibert analyzed the defendant's contentions under both the Fifth Amendment right to counsel and the Sixth Amendment right to counsel and found neither right to be implicated under the circumstances of this case. The defendant objects, contending that the magistrate judge erred by finding that the defendant's Fifth Amendment right to counsel was not implicated. He raises no objections to the magistrate judge's findings concerning the defendant's Sixth Amendment right to counsel. As to his Fifth Amendment claim, the defendant argues that the magistrate judge erroneously concluded that the defendant was not in custody for <u>Miranda</u> purposes and that the defendant had not sufficiently invoked his right counsel. These contentions lack merit.

    1.   <u>Fifth Amendment Right to Counsel</u>

The Fifth Amendment to the United States Constitution protects an individual's right against self-incrimination. U.S. Const. amend V. An individual has a Fifth Amendment right against compelled self-incrimination and is therefore entitled to have

counsel present during custodial interrogations. <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). An individual may waive that right, but a subsequent invocation of the right requires cessation of interrogation until an attorney is present or the individual re-initiates conversation. <u>Edwards v. Arizona</u>, 451 U.S. 477 (1981). The invocation of the right to counsel must be unequivocal and unambiguous. <u>Davis v. United States</u>, 512 U.S. 452, 459-60 (1994).

In this case, the defendant seeks to suppress DNA evidence which was obtained before the events alleged in the indictment in this action took place. Early in January 2007, law enforcement officials were investigating a sexual assault which had occurred on or about January 1, 2007, in Owensboro, Kentucky. The defendant voluntarily arrived at the Police Department in Owensboro, Kentucky and answered questions concerning his whereabouts on or about January 1, 2007. At the start of the interview, which was video- and audio-recorded, one of the police officers informed the defendant of his <u>Miranda</u> rights, including his right to speak with an attorney at any point during the interview. The defendant, in writing, waived his <u>Miranda</u> rights, and signed a statement that read, "I don't want a lawyer at this time." The defendant was not placed under arrest, nor was he informed that he was under arrest or otherwise not free to leave.

After approximately forty-five minutes, one of the two police officers questioning the defendant told him to "hang tight." The two police officers then left the room. One of them returned after

a few minutes and asked the defendant if he would be willing to submit to a polygraph test. The defendant responded that his high blood pressure prevented him from taking a polygraph test. A third police officer then entered the room and asked the defendant whether he would take a polygraph test if his high blood pressure did not preclude it. The defendant responded in the affirmative, but added that if a polygraph were given, he would want his attorney present. The third police officer then asked the defendant if he would submit to a male rape kit before the police "cut [the defendant] loose." The defendant agreed. As the interview concluded, the defendant repeated his statement that he would want his attorney present during a polygraph examination. He made no statement concerning the presence of his attorney for the administration of the rape kit. The defendant submitted to the male rape kit and then left the police department.

Based upon these circumstances, the magistrate judge found that the defendant was not in police custody during the questioning and that, therefore, the Fifth Amendment right to counsel was not implicated. The magistrate judge further found that even if the defendant was in police custody during the questioning, the defendant knowingly and voluntarily waived his right to counsel and did not unequivocally reassert it at any time for purposes of the interview or the administration of the rape kit.

The defendant argues that the magistrate judge erred. In the defendant's view, the interview constituted a custodial

interrogation because his freedom of action was curtailed to a degree associated with formal arrest. He relies in part on the language used by one of the officers which the defendant claims indicates that he was not free to leave. Specifically, the defendant claims that the statement "before I cut you loose," directed to the defendant by the third officer who entered the interview room, suggests that the defendant was in police custody. The defendant also contends that the location of the interview--an interrogation room at the police station--is evidence that the defendant was in police custody. Further, the defendant contends that he did, in fact, unequivocally invoke his right to counsel for purposes of the interview and the administration of the male rape kit when he stated that he would want to have his attorney present during the polygraph test when and if one were administered. According to the defendant, all questioning should have ceased at that point, and the additional question asking the defendant if he would submit to a rape kit violated his Fifth Amendment right to counsel.

Based upon a de novo review, this Court agrees with the magistrate judge's conclusion that the defendant's Fifth Amendment right to counsel was not implicated during the questioning by the Owensboro Police Department. The defendant voluntarily appeared at the police station and willingly answered questions. He was not placed under arrest, he was not placed in handcuffs or otherwise restrained, and he was not told that he could not leave. That the

15

interview was conducted in a police interrogation room does not, without more, indicate that the defendant's freedom of action was curtailed, and the use of colloquial language ("cut you loose") by one of the police officers supplies no additional indication of a custodial interrogation. In short, nothing about the circumstances surrounding the questioning suggests that the defendant was subjected to a custodial interview implicating his Fifth Amendment right to counsel. Moreover, this Court finds that the defendant's statement that he would want his attorney present for the administration of a polygraph test, if and when were to be administered, does not constitute an unequivocal invocation of the right to counsel for purposes of the interview then underway or for the administration of the male rape kit. Accordingly, the magistrate judge's recommendation that this Court deny the defendant's motion to suppress the DNA evidence as unconstitutionally obtained in violation of the defendant's Fifth Amendment right against self-incrimination will be affirmed and adopted in its entirety.

    2.   <u>Sixth Amendment Right to Counsel</u>

The Sixth Amendment to the United States Constitution guarantees the right of a criminal defendant to "the Assistance of counsel for his defense." U.S. Const. amend VI. The right to counsel under the Sixth Amendment applies at trial and at "any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to

a fair trial." United States v. Wade, 388 U.S. 218, 226 (1967). However, the Sixth Amendment right to counsel "attaches only at or after the initiation of adversary judicial proceedings against the defendant." United States v. Gouveia, 467 U.S. 180, 187 (1984). It is therefore an "offense specific" right which may be invoked only in those proceedings relating to the offense for which the accused has been indicted or otherwise formally charged. McNeil v. Wisconsin, 501 U.S. 171, 175 (1991). The right "cannot be invoked once for all future prosecutions." Id.

The magistrate judge found that the defendant's Sixth Amendment right to counsel was not implicated during the interview by law enforcement officials at the Owensboro Police Department because the defendant had not yet been indicted or otherwise formally charged with the offense in this action. The defendant has raised no objections to this portion of the magistrate judge's report. Accordingly, this Court need only review the report for clear error. However, even under a de novo review, this Court finds that no Sixth Amendment right to counsel attached to the police interview of the defendant. That interview was conducted before the alleged events at issue in this action had transpired and, therefore, the interview necessarily took place before the defendant was formally charged in this action. In light of these circumstances, the defendant's argument that the DNA evidence was obtained in violation of his Sixth Amendment right to counsel lacks merit, and the magistrate judge's report recommending denial of the

motion to suppress on this basis will be affirmed and adopted in its entirety.

V. Conclusion

After a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the defendant's objections thereto lack merit. Further, after a review for clear error, this Court concludes that the magistrate judge's order denying the defendant's motion to change venue, which this Court construes as a denial without prejudice, is proper and the defendant's objections thereto lack merit. Accordingly, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety and OVERRULES the defendant's objections to the magistrate judge's order denying the defendant's motion to change venue or, alternatively, other appropriate relief due to pretrial prejudicial publicity.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:   January 6, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE